James Edward **HEISER**, Appellant–
Defendant Below,

v.

**STATE** of Indiana, Appellee–
Plaintiff Below.

No. 45A03–9202–CR–058.

Court of Appeals of Indiana,
Third District.

July 29, 1992.

Rehearing Denied Sept. 3, 1992.

Transfer Denied Oct. 21, 1992.

Scott L. King, Appellate Public Defend-
er, Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C.
Webster, Deputy Atty. Gen., Office of
Atty. Gen., Indianapolis, for appellee-plain-
tiff.

STATON, Judge.

James Heiser was convicted by a jury of
Burglary, a Class B felony. On appeal, he
raises the sole issue of whether the giving
of an instruction on the silence of a defen-
dant violates the Indiana Constitution when
one co-defendant asks that it be given and
the other objects.

We affirm.

James Heiser and his brother, John, were
tried jointly before a jury and both were
convicted of burglary. Neither testified
during the trial. At the conclusion of the
evidence, John's counsel tendered an in-
struction that the jury was not to consider
a defendant's failure to testify when reach-
ing its verdict.[1] In response to James'
objection to the instruction, the trial court
modified it to specifically refer only to
John's failure to testify.[2] The modified
instruction was given to the jury over the
objection of James Heiser's counsel.

■ James argues that giving the in-
struction over his objection improperly
highlighted James' failure to testify and,
because the instruction referenced only the
impropriety of considering John's failure to
testify, it implied that James' silence was a
proper consideration for the jury. It is
well recognized in Indiana that an instruc-
tion not to consider a defendant's failure to
testify given over the defendant's objection
violates Article I, Section 14 of the Indiana
Constitution. *Lucas v. State* (1986), Ind.,
499 N.E.2d 1090, 1093. However, the Fifth
and Fourteenth Amendments require such

1. John's tendered instruction read as follows:
The defendant is a competent witness to testi-
fy in his own behalf. He may testify or not,
as he may choose. In this case, the defendant
has not testified. This fact is not to be con-
sidered by the jury as any evidence of guilt.
The jury shall not comment upon, refer to, or
in any manner consider the fact that the de-
fendant did not testify in arriving at your
verdict in this case. [Record p. 54].

2. The trial court modified the instruction to
read:

The defendant, John W. Heiser, is a compe-
tent witness to testify in his own behalf, and
he may testify or not, as he may choose. In
this case, the defendant, John W. Heiser, has
not testified, and this fact is not to be con-
sidered by the jury as any evidence of guilt,
neither has the jury any right to comment
upon, refer to or in any manner consider the
fact that the defendant, John W. Heiser, did
not testified [sic] in arriving at your verdict in
this case. [Record p. 44].

an instruction be given when requested by a defendant. *Id., (citing Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981)).

The Indiana Supreme Court has declared that giving such an instruction pursuant to one co-defendant's request is proper notwithstanding an objection by the other co-defendant. *Lucas, supra.* In *Lucas,* Larry Lucas and his brother, Paul, were tried jointly by a jury and convicted of several counts of burglary. Neither Larry nor Paul testified at trial. Larry tendered a final instruction regarding a defendant's right not to testify [3] which was similar to the one tendered in the present cause. The trial court gave Larry's tendered instruction over Paul's objection that it violated his right not to be a witness against himself. In affirming the trial court's action, our supreme court found that Larry's Fifth Amendment right to an instruction warning the jury not to consider his failure to testify prevailed over Paul's right under the Indiana Constitution to decide that such an instruction not be given. *Lucas, supra.*

As in *Lucas,* John's Fifth Amendment right to the instruction prevails over James' right to decide that it not be given. Thus, the trial court correctly overruled James Heiser's objection to the instruction warning the jury not to consider John's failure to testify.

■ The instruction given to the jury referred only to John's failure to testify because James objected to the tendered version applicable to defendants in general. James' contention that the instruction's silence as to James' failure to testify resulted in an implication constituting reversible error is without merit because invited error by the complaining party is not reversible

**3.** The instruction given in *Lucas* read as follows: Under the law of the State of Indiana a person charged with the commission of a crime is a competent witness to testify in his or her own behalf. However, a person charged with the commission of a crime cannot be compelled to testify and is under no duty or obligation to testify. The fact that a defendant did not testify raises no presumption of any kind

error. *Berry v. State* (1991), Ind.App., 574 N.E.2d 960, 963, *trans. denied.*

Affirmed.

HOFFMAN and SHARPNACK, JJ., concur.

against him. A defendant's failure to testify shall not be commented upon, referred to, or in any manner considered by the jury in determining the guilt or innocence of that defendant. *Lucas, supra.*

